IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN OCTAVION BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:25-cv-506-MHT-JTA |
| RUSSELL COUNTY CIRCUIT COURT, et al., | ) ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff John Octavion Brooks, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2), but did not file the required inmate account documents reflecting his average monthly balance and average monthly deposits for the six months preceding the initiation of this action. The Court ordered Plaintiff to submit the required documentation by August 5, 2025, and warned that a failure to comply would result in dismissal. *See* Doc. 3. To date, Plaintiff has failed to file the required inmate account documents or otherwise respond to the Court's order, and he has filed no documents in this case since he filed the Complaint on July 10, 2025.

Because Plaintiff has failed to comply with a court order, this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted). The authority of

courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, by **September 26, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 12th day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE